IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF MARY HORVATH, | : | CIVIL ACTION |
| and CHARLES BILLERA as Executor of the | : | |
| ESTATE OF MARY HORVATH | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA CIOCCA, | : | |
| | : | |
| Defendant. | : | NO. 07-2685 |

**MEMORANDUM  RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                                  **January 16, 2008**

**I.      Introduction**

This case involves allegations of fraud and misrepresentation.  Plaintiffs, the Estate of Mary Horvath and the executor of that estate, allege that Defendant Maria Ciocca ("Ciocca") misled Mary Horvath, prior to her death, into making inappropriate investments which resulted in damages to the Estate of Mary Horvath.  Plaintiffs originally filed their Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania.  Ciocca removed the case to Federal Court on the basis of diversity jurisdiction.  See Doc. No. 1.  Presently at issue before the Court is Plaintiffs' Motion to Remand (Doc. No. 5).

**II.     Background**

According to the Complaint, Ciocca sold Ms. Horvath "deferred" annuities when Ms. Horvath was 83 years old, and such investments are clearly inappropriate for a person of that age.

Compl. ¶ 4. The Plaintiffs allege that Ciocca misled Ms. Horvath into believing that she was an investment counselor, when she was in fact an insurance broker who benefitted from the sale of the annuities. Compl. ¶ 5, 12. According to the Complaint, "deferred" annuities are intended to grow for a minimum of ten years before money can be withdrawn, Compl. ¶ 6, and Ciocca knew or should have known that Ms. Horvath would probably not survive this ten-year period, Compl. ¶ 9. Plaintiffs contend that Ciocca "placed the Decedent's investments in very high commission insurance gimmicks without regard to her financial needs," Compl. ¶ 12, and that Ciocca "misprepresent[ed] that she was performing appropriate financial planning," Compl. ¶ 16. Plaintiffs seek more than $300,000.00 in damages.

### III. Parties' Contentions

Ciocca removed this action on the basis of diversity jurisdiction. The Complaint alleges that Ciocca resides in New Jersey, Compl. ¶ 2, and Plaintiffs seek approximately $300,000 in damages.

Plaintiffs move to remand for three reasons. First, they argue that Ciocca works from an office in Pennsylvania. Plaintiffs appear to contend that this makes Ciocca a Pennsylvania citizen for diversity purposes, and effectively ruins diversity. Second, Plaintiffs state that they intend to join Ciocca's company, Savant Financial ("Savant"), as a defendant. The Complaint alleges that Savant is located in Pennsylvania, Compl. ¶ 2, and presumably Plaintiffs argue that joinder of Savant would ruin diversity. Third, Plaintiffs argue that despite the amount in question they pled in the Complaint, only $30,000 is really at issue, and such amount would not meet the minimum dollar amount required for diversity jurisdiction.

Defendant Ciocca responds that her place of business is irrelevant for purposes of

diversity jurisdiction because she is an individual, not a corporation.  Ciocca also submits an affidavit which states that she conducts most of her work in New Jersey.  The affidavit further states that Ciocca has resided in New Jersey for the past eight years and intends to remain a resident of New Jersey indefinitely.

As to Plaintiffs' intention to join Savant as a defendant, Ciocca states that Savant never signed a contract with Ms. Horvath, and Ciocca warns that it will oppose any attempt to join a defendant for the sole purpose of defeating diversity jurisdiction.  Finally, Ciocca argues that the jurisdictional amount pled in the Complaint governs, and since the Complaint seeks at least $300,000, this amount suffices for federal jurisdiction.

## IV.  Discussion

Plaintiffs move to remand this case to state court pursuant to 28 U.S.C. § 1447[1] based on lack of diversity jurisdiction.  An action can be properly removed from state to federal court if a federal court has jurisdiction over the case.  28 U.S.C. § 1441(a).  A motion for remand, in order to succeed, must illustrate that federal jurisdiction does not exist.  Presently at issue, therefore, is whether this Court exercises subject matter jurisdiction over Plaintiffs' claims.  Federal district courts have jurisdiction over cases where the matter in controversy exceeds the sum or value of $75,000, and there exists complete diversity between citizens of different states.  28 U.S.C. § 1332(a).

### A.   Defendant Ciocca's Citizenship

As noted above, Plaintiffs argue that Ciocca is a Pennsylvania citizen and that as a result,

---

[1] Plaintiffs incorrectly refer to sections of the United States Code as Federal Rules.  The procedure after removal is set forth in 28 U.S.C. § 1447, not "Fed.R.Civ.P. 1447."

there is no diversity of citizenship to support federal jurisdiction. To determine a natural person's citizenship for purposes of diversity, the concept of "domicile" is controlling. Reynolds v. Adden, 136 U.S. 348, 349-351 (1890). To establish domicile, a litigant must show that he/she is a resident of a particular state and intends to remain in that particular state for the indefinite future. Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377 (1904). "The party asserting diversity jurisdiction bears the burden of proof," McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006), and a natural person can only be domiciled in one state. Williamson v. Osenton, 232 U.S. 619 (1914). A court considers several factors in determining an individual's domicile, such as house of residence, exercise of political rights, place of business, membership in unions and other organizations, and drivers's license and vehicle registration. See McCann, 458 F.3d at 286; Krasnov v. Dinan, 465 F. 2d 1298, 1301 (3d Cir. 1972); 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (Thompson/West 2007).

Although the Complaint alleges that Ciocca resides in New Jersey, see Compl. ¶ 2, Plaintiffs contend that Ciocca works in Pennsylvania and is a citizen of Pennsylvania. In support of their contentions, Plaintiffs have submitted Ciocca's business card, which states that Ciocca is the President and CEO of Savant, and which lists both a Pennsylvania and New Jersey address. Plaintiffs also submit the affidavit of an individual who visited Ciocca's Pennsylvania address. According to the affidavit, a woman at Ciocca's Pennsylvania address stated that Ciocca was "out of the office on appointments all day."

As noted above, Ciocca maintains that she is a citizen of New Jersey, not Pennsylvania. Ciocca has submitted an affidavit in support of her position as well as copies of her New Jersey

driver's license, her New Jersey "resident" insurance license, and her Pennsylvania "non-resident" insurance license.  Ciocca's affidavit states that Ciocca resides in New Jersey, intends to remain a resident of New Jersey, and conducts most of her work in New Jersey.  Ciocca's affidavit also states that she rents a shared office in Pennsylvania because she purchased Savant, a Pennsylvania corporation.  However, Ciocca maintains, in the affidavit, that she has not seen her Pennsylvania office in the past three years and that any mail sent to the Pennsylvania office is subsequently sent to her in New Jersey.

Given this evidence, a consideration of the relevant factors indicates that Ciocca is in fact domiciled in New Jersey and therefore a citizen of New Jersey.  Ciocca lives in New Jersey and intends to remain in New Jersey.  Although Ciocca maintains an office in Pennsylvania, she rarely conducts work there and conducts most of her work in New Jersey.  Diversity of citizenship exists between Plaintiffs and Ciocca.

  **B.**  **Plaintiffs' Intention to Join Additional Defendant**

Although Plaintiffs state that they intend to join Savant as a defendant, they have yet to do so.  The occurrence of such joinder is currently speculative.

  **C.**  **Jurisdictional Amount**

 The Complaint seeks damages "in the approximate value of $300,000.00".  In the Motion to Remand, Plaintiffs argue that the amount in controversy is really one tenth ($30,000) of what they originally alleged.  Generally, the amount of damages alleged in the Complaint determines the amount in controversy for diversity jurisdiction. Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).  In "ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time

the petition for removal was filed." Steel Valley Auth. v. Union Switch and Signal Division, 809 F.2d 1006, 1010 (3d Cir. 1987). The correct focus is thus the $300,000 pled in the Complaint at the time of removal, and that sum satisfies the amount-in-controversy requirement for diversity jurisdiction.

**V.   Conclusion**

For the reasons stated above, the Plaintiffs' Motion for Remand will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF MARY HORVATH, | : | CIVIL ACTION |
| and CHARLES BILLERA as Executor of the | : | |
| ESTATE OF MARY HORVATH | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA CIOCCA, | : | |
| | : | |
| Defendant. | : | NO. 07-2685 |

## **ORDER**

AND NOW, this  16th   day of January, 2008, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. No. 5) is DENIED.

BY THE COURT:


 /s/ Michael M. Baylson        

Michael M. Baylson, U.S.D.J.

A:\Memo and Order re Motion to Remand.wpd