IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF MARY HORVATH, | : | CIVIL ACTION |
| and CHARLES BILLERA as Executor of the | : | |
| ESTATE OF MARY HORVATH | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA CIOCCA, | : | |
| | : | |
| Defendant. | : | NO. 07-2685 |

**MEMORANDUM RE: MOTION TO AMEND THE COMPLAINT**

**Baylson, J.**                                                                                                          **April 4, 2008**

**I.      Introduction**

This case involves allegations of fraud and misrepresentation. Plaintiffs, the Estate of Mary Horvath and the executor of that estate, originally alleged that Defendant Maria Ciocca ("Ciocca" or "the Defendant") misled Mary Horvath, prior to her death, into making inappropriate investments which resulted in damages to the Estate of Mary Horvath. Plaintiffs have moved to amend the Complaint (see Doc. No. 13) to add a defendant which would defeat diversity jurisdiction. If the Court grants the Motion to Amend, Plaintiffs move to remand the case to state court (see Doc. No. 18.)

**II.     Background**

Plaintiffs filed their original Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, and Ciocca removed the case to Federal Court on the basis of diversity

jurisdiction. Two days after the removal, on June 29, 2007, Ciocca moved to dismiss the action, asserting that it did not provide sufficient detail to state a claim for relief. On July 16, 2007, Plaintiffs filed their first Motion to Remand, arguing, inter alia, that the case should be remanded because they intended to join a non-diverse defendant, Savant Financial Group, Inc. ("Savant"). Plaintiffs asserted that Ciocca was the CEO and President of Savant, and that Ciocca acted through Savant for her business activities in Pennsylvania. However, despite their stated intention to join Savant, Plaintiffs did not in fact move for leave to amend the Complaint until significantly later.

Thus, on January 16, 2008, this Court denied Plaintiffs' first Motion to Remand because Plaintiffs still had not joined Savant, and diversity jurisdiction remained: the parties were citizens of different states and the Complaint met the amount in controversy requirement. (See Doc. No. 12.) Shortly after their first Motion to Remand was denied, on January 24, 2008, Plaintiffs filed a Motion to Amend the Complaint under Fed. R. Civ. P. 15(a) in order to add Savant as a defendant. If the Court permits Plaintiffs to amend the Complaint, it will lose jurisdiction over the case. Defendant contests the Motion to Amend the Complaint, asserting that Plaintiffs should not be permitted to add a non-diverse Defendant because they are doing so in bad faith, and simply seek to destroy diversity.

As noted above, the Plaintiffs' allegations against Ciocca, and now Savant, involve fraud and misrepresentation. A more detailed description of the allegations can be found in this Court's Memorandum of January 16, 2008 (Doc. No. 12) which explains the reasons for denying Plaintiffs' first Motion to Remand.

**III.   Parties' Contentions**

   **A.   Plaintiffs**

The crux of Plaintiffs' argument is that they did not know of the role Savant played in the alleged wrongdoing when they filed the Complaint. Plaintiffs assert that it was not until Ciocca responded to their first Motion to Remand, on July 25, 2007 that they learned the extent of Savant's role. At that point, Ciocca filed an affidavit stating that she was the owner of Savant.

Plaintiffs explain that they drafted the Complaint with the Pennsylvania rules of procedure in mind, since they intended to be litigating in state court, and the Pennsylvania rules permitted them to depose Ciocca in order to prepare the Complaint. According to Plaintiffs, Ciocca regularly evaded the scheduled depositions, and thereby prevented Plaintiffs from learning Savant's role in the alleged fraud and misrepresentation.

Furthermore, Plaintiffs assert that at one point, they were able to meet with Ciocca and during this meeting, Ciocca denied that she had a business interest in Savant and stated that she did not conduct business out of Savant's office in Lansdale, Pennsylvania. Plaintiffs do not specify the date of the meeting, but indicate that it took place "prior to the Motions being filed in Federal Court." Plaintiffs contend that they were only made aware of Savant's true role in the alleged wrongdoing on June 29, 2007.

Plaintiffs also contend that the four-factor test set out by the Fifth Circuit in <u>Hensgens v. Deer & Co.</u>, 883 F.2d 1179, 1182 (5th Cir. 1987), which has been followed by numerous cases within this District, weighs in their favor and should permit them to amend the Complaint. <u>Hensgens</u> is discussed in greater detail below.

### B. Defendant Ciocca

As noted above, Ciocca asserts that Plaintiffs are only attempting to join Savant in order to defeat diversity. Ciocca contends that Plaintiffs knew of Savant when they filed their original complaint in state court and cites two phrases from the original complaint to support her contention: 1) "Defendant, Maria Cioc[c]a, is an adult individual employed by Savant Financial located at 650 North Cannon Avenue in Lansdale, Montgomery County, Pennsylvania . . ." and 2) "Defendant sold annuities to the Decedent through her employ . . .".

Ciocca also cites to Plaintiffs' statements in their second Motion to Remand, filed on February 6, 2008, and currently pending, to support her contention that Plaintiffs had "early knowledge" of Savant's existence. Ciocca asserts that Plaintiffs should have moved to join Savant much earlier, and that the fact that they did so only after this Court denied their first motion to remand demonstrates their bad faith.

### IV. Legal Standards

Generally, plaintiffs "may amend [their] pleading once as a matter of course before being served with a responsive pleading . . ." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

If the amended complaint joins a non-diverse defendant, as in the present case, the court must review the motion to amend under 28 U.S.C. Section 1447(e), whether or not the defendant has served its responsive pleading. Lehigh Mechanical, Inc. v. Bell Atl. Tricon Leasing Corp., 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993) (Huyett, J.) (citations omitted).

Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Section 1447(e) supersedes Rule 15. Based on both the plain meaning and legislative history, cases from this District interpret Section 1447(e) as granting substantial discretion to the district judge in deciding whether to permit joinder. See Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368 (E.D. Pa. 2002) (Robreno, J.) (citing legislative history in reaching conclusion Section 1447(e) "intended to codify the flexible approach toward joinder of non-diverse parties."); Guldner v. Brush Wellman Inc., No. 01-176, 2001 WL 856699, at *2 (E.D. Pa. July 25, 2001) (Hutton, J.) (indicating language of Section 1447(e) gives "wide latitude to the district court" in deciding "whether to join non-diverse defendants after removal.").

While the Third Circuit has not adopted an approach to be used by a district court when applying Section 1447(e), the Fifth Circuit has endorsed a flexible and equitable approach, which "balance[s] the defendant's interests in maintaining a federal forum with the competing interests of not having parallel lawsuits." Hensgens v. Deere, Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Numerous cases from this District have followed Hensgens. See In re Diet Drugs, 2002 U.S. Dist. LEXIS 25285, at *30 (E.D. Pa. Dec. 17, 2002) (Bartle, J.) (weighing of Hensgens factors to deny motion to amend complaint to join nondiverse parties who were defendant's employees); Massaro, 209 F.R.D. at 368 (granting, based on weighing Hensgens factors, plaintiff's motion to join nondiverse defendant based on finding under Section 1447(e) the court "may allow permissive joinder pursuant to Rule 20 and remand to state court, if doing so would be fair and equitable, and promote judicial economy") (footnote omitted); Kahhan v. Mass. Cas. Ins Co., 2001 WL 1454063, at *2 (E.D. Pa Nov. 14, 2001) (Yohn, J.) (granting motion to join nondiverse

agent of defendant based on court's analysis, as defined by Hensgens); Guldner, 2001 WL 856699, at *2 (relying on the criteria enumerated in Hensgens in granting plaintiffs motion to amend their complaint to add nondiverse defendant responsible for fraudulent misrepresentations); Lehigh, 1993 WL 298439, at * 2 - 4 (weighing Hensgens factors in favor of granting motion to amend complaint to join nondiverse defendant).  Specifically, Hensgens instructs a court to consider:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  Kahhan, 2001 WL 1454063, at *2 (citing Hensgens, 833 F.2d at 1182).  If a court grants the motion to amend and joins the nondiverse defendant, it then must remand to the state court.  28 U.S.C. § 1447(e).  Conversely, if the amendment is denied, the federal court retains jurisdiction.  Id.

**V.      Discussion**

  After examining the factors set forth in Hensgens, the Court has determined that it will grant Plaintiffs leave to amend their original Complaint.

  **A.      Plaintiffs' Motives in Seeking to Amend the Complaint**

  Plaintiffs set out their rationale for adding Savant more clearly in their brief in support of their Motion to Remand (Doc. No. 18) than in their brief in support of their Motion to Amend the Complaint.  Plaintiffs explain that "[a]ll the transactions and occurrences surrounding the original action and allegations against Defendant Ciocca took place while Defendant was the CEO and President of Defendant Savant Financial Group, Inc.  Any and all inappropriate

investments and annuities that Defendant Ciocca placed the Decedent into and sold to the Decedent were under her business, Defendant Savant Financial Group, Inc. . . . ." Pls.' Br. (Doc. No. 18) Section IIIA.[1]  This is a sufficient reason for adding Savant as a defendant.  The Court is not persuaded by Ciocca's arguments to the contrary, and it does not appear that Plaintiffs are using an improper mechanism to defeat diversity.

### 1. Plaintiffs' Understanding Of Savant's Role

As noted above, Ciocca contends that Plaintiffs' only motive in seeking to amend the Complaint is to defeat diversity.  Ciocca argues that Plaintiffs knew of Savant when they filed their original Complaint and should have named Savant as a defendant at that time.  However, according to Plaintiffs, at the time they filed their original Complaint, they did not know the extent of Savant's involvement in the case.  Plaintiffs assert that they did not know of Savant's role in the alleged fraud until Ciocca filed her response to their first Motion to Remand on July 26, 2007.

Contrary to Ciocca's contentions, Plaintiffs do not state that they were unaware of Savant's existence when they filed the original Complaint, they simply explain that they did not know the extent of Savant's role in the alleged wrongdoing at that point.  Ciocca has pointed to nothing which contradicts the Plaintiffs' position.  For example, the quotes that Ciocca cites from the original Complaint do not indicate that Plaintiffs understood that Ciocca was the President

---

[1] Plaintiffs have not paginated their brief, and the Court therefore cites to the Section headings.

and CEO of Savant.[2]  If anything, the phrases Ciocca quotes illustrate that Plaintiff did not fully understand the relationship between Ciocca and Savant.  The Complaint indicates that Plaintiffs thought Ciocca worked in Pennsylvania, and that she was employed by Savant.  The actual situation is quite different in that Ciocca is the owner, President and CEO of Savant.

Furthermore, it appears that Ciocca prevented the Plaintiffs from learning of Savant's role in the case.  Perhaps most importantly, Ciocca does not dispute that in a meeting with Plaintiffs, she denied she had a business interest in Savant and stated that she did not conduct business out of Savant's office in Lansdale, Pennsylvania.  It therefore appears that Ciocca now argues that Plaintiffs should have known something that Ciocca previously told them was false.  The Court is unpersuaded by Ciocca's arguments.

### 2. Timing of Plaintiffs' Motion to Amend the Complaint

Since Plaintiffs state they learned of Savant's role in the alleged fraud on July 26, 2007, there is a question regarding Plaintiffs' delay in actually filing the Motion to Amend the Complaint.  As noted above, Plaintiffs did not request leave to amend the Complaint until January 24, 2008, after the Court denied their first Motion to Remand.  According to Ciocca, this timing reveals that Plaintiffs' sole purpose in adding Savant is to defeat diversity.

While it is true that Plaintiffs only moved to amend the Complaint once this Court denied their Motion to Remand, the Court interprets their timing as a reflection of their confusion about

---

[2] As noted above, Ciocca argues that because the original Complaint asserted that 1) "Defendant, Maria Cioc[c]a, is an adult individual employed by Savant Financial located at 650 North Cannon Avenue in Lansdale, Montgomery County, Pennsylvania . . ." and 2) "Defendant sold annuities to the Decedent through her employ . . .", Plaintiffs knew of Savant's role in the alleged fraud at the time they filed their Complaint.

diversity jurisdiction. In their first Motion to Remand, Plaintiffs argued that this Court should remand the case because they planned to join Savant as a defendant. Plaintiffs' argument on this point was based on the faulty notion that a stated intention to add a defendant equated in some fashion to filing an actual motion to amend the Complaint and adding the defendant. Plaintiffs' confusion does not indicate bad faith, and their delay, by itself, does not indicate that their sole motive in amending the Complaint was to defeat diversity.

      B.      **Whether Plaintiffs Have Been Dilatory**

Ciocca contends that the Plaintiffs were dilatory in moving for leave to add Savant as a defendant because they knew of Savant's involvement before they commenced the action. In the alternative, Ciocca argues that even if Plaintiffs did not know of Savant's involvement when they filed the original Complaint, they could have ascertained it with a reasonable inquiry.

As to the first claim, Ciocca has not provided a compelling reason to doubt Plaintiffs' contention that they were unaware of Savant's role in the alleged wrongdoing when they filed the original Complaint, as discussed above. Furthermore, as a general principle, the Court resolves contested issues of fact in Plaintiffs' favor. See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (finding that in cases of fraudulent joinder, "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff . . .").[3]

As to Ciocca's second claim, that Plaintiffs could have ascertained Savant's involvement with a reasonable inquiry, the Court is unpersuaded. As noted above, Ciocca does not dispute

---

[3] The Court does not imply that the present case involves fraudulent joinder but does note that similar principles are involved.

that she had a conversation with Plaintiffs in which she denied having a business interest in Savant and stated that she did not conduct business out of Savant's office. Ciocca has not illustrated how, especially given her own misleading statements, Plaintiffs could have ascertained Savant's involvement before they filed their original Complaint.

### C. Whether Plaintiffs Will Be Significantly Injured If Amendment Is Not Allowed

It does not appear that Plaintiffs would be significantly injured if this Court denied their Motion to Amend the Complaint. Although Plaintiffs have an interest in avoiding duplicate litigation, they could still pursue a separate state court action against Savant, and pursuing two cases would not constitute a significant injury. See Doe #4 v. Society for Creative Anachronism, 2007 WL 2155553, at *4 (E.D. Pa. July 25, 2007). However, the lack of significant prejudice is not dispositive in the Court's analysis.

### D. Other Factors

The parties have not raised other relevant factors. However, it is important to note that there is a general presumption in favor of state jurisdiction. The Third Circuit has not specifically interpreted this presumption in the context of Section 1447(e), but has done so in similar contexts. For example, removal statutes are generally "to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). Also, federal district courts have an obligation to remand cases when subject matter jurisdiction no longer exists. See 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Such rules of construction and obligations

exist because the federal courts are courts of limited jurisdiction.  See Willy v. Coastal Corp., 503 U.S. 131, 136-137 (1992).

Moreover, "[a]s a general proposition, plaintiffs have the option of naming those parties whom they choose to sue, subject only to the rules of joinder of necessary parties.  . . . [T]here is no reason for a court to interfere . . . unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity."  Boyer, 913 F.2d at 110.  The Court does not find that Plaintiffs have abused the system, and will therefore permit them to add Savant as a defendant.

**VI.     Conclusion**

For the reasons above, Plaintiffs' Motion to Amend the Complaint will be granted.  The Amended Complaint names a defendant who destroys diversity, and as a result Plaintiff's Motion to Remand will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF MARY HORVATH, | : | CIVIL ACTION |
| and CHARLES BILLERA as Executor of the | : | |
| ESTATE OF MARY HORVATH | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA CIOCCA, | : | |
| | : | |
| Defendant. | : | NO. 07-2685 |

## ORDER

AND NOW, this      day of April, 2008, it is hereby ORDERED that Plaintiff's Motion to Amend the Complaint (Doc. No. 13) and Plaintiff's Motion to Remand (Doc. No. 18) are GRANTED.  The Defendant's Motion to Dismiss (Doc. No. 20) and Defendant's "Motion to Strike the February 6, 2008 Summons" (Doc. No. 22) are DENIED as MOOT.  The Clerk shall close the case.

BY THE COURT:

  /s/ Michael M. Baylson   

Michael M. Baylson, U.S.D.J.

A:\07-2685 Memo & Order re Mot. to Amend Complaint.wpd